UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bishop Perry,

        Petitioner,                              Case Number: 2:20-12495
                                                          Honorable Arthur J. Tarnow

v.

Noah Nagy,

        Respondent.
_____/

**OPINION AND ORDER (1) HOLDING MOTION TO DISMISS
IN ABEYANCE, (2) COMPELLING ANSWER TO PETITION,
(3) GRANTING IN PART PETITIONER'S MOTION FOR SUBPOENA,
AND (4) DENYING PETITIONER'S ADDITIONAL MOTIONS**

Michigan prisoner Bishop Perry has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) He challenges his convictions for armed robbery, Mich. Comp. Laws § 750.529, unlawful imprisonment, Mich. Comp. Laws § 750.349b, two counts of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b.

Now before the Court are Respondent's motion to dismiss the petition on the ground that it was filed after the one-year limitations period expired, and Perry's motion for oral argument, motion for subpoena, motion for order to show cause, motion for release, and motion to concede. For the reasons explained, the Court holds the motion to

dismiss in abeyance and directs Respondent to file an answer addressing the merits of the petition. The Court grants in part and denies in part Perry's motion for subpoena. (ECF No. 6.) The Court denies Perry's motion for oral argument (ECF No. 8), motion for order to show cause (ECF No. 8), motion for release (ECF No. 14), and motion to concede (ECF No. 16).

## I. Background

Following a jury trial in Wayne County Circuit Court, Perry was sentenced to concurrent terms of 30 to 50 years for armed robbery, 10 to 15 years for unlawful imprisonment, 6 to 10 years for each assault with intent to commit great bodily harm conviction, and 3 to 5 years for carrying a concealed weapon and for being a felon-in-possession of a firearm, and a consecutive sentence of 2 years for felony firearm.

Perry filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions. *People v. Perry*, No. 296777, 2011 WL 2119573, at *1 (Mich. Ct. App. May 26, 2011). The Michigan Supreme Court denied leave to appeal on November 21, 2011.

Perry filed a motion for relief from judgment in the trial court on April 4, 2019. The trial court denied the motion. *See* Op. & Order, *People v. Perry*, No. 020825 (Wayne County Circuit Ct. Aug. 28, 2019). The Michigan Court of Appeals denied Perry leave to appeal, *People v. Perry*, No. 352870 (Mich. Ct. App. May 1, 2020), as did the Michigan Supreme Court. *See People v. Perry*, 505 Mich. 1096, 943 N.W.2d 146, recons. den., 950 N.W.2d 731 (Mich. 2020).

On August 28, 2020, Perry filed the pending habeas corpus petition. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed.

## II. Discussion

### A. Respondent's Motion to Dismiss

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). Respondent argues that the petition was filed almost eight years after the one-year limitations period expired. Perry maintains that the petition is timely because the limitations period did not commence until he discovered the factual predicate for his claims. Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court may bypass the timeliness issue and proceed directly to the merits. *Smith v. State of Ohio Dep't of Rehab*., 463 F.3d 426, 429 n.2 (6th Cir. 2006) Having reviewed the pleadings, the Court finds that an answer addressing the merits of the petition is necessary for the proper adjudication of this matter. The Court will hold the motion to dismiss in abeyance and direct Respondent to file an answer addressing the merits.

### B. Petitioner's Motions

Also pending before the Court are five motions filed by Perry. First, Perry asks the Court to hear oral argument regarding his claims of police misconduct and fraud. (ECF No. 8.) A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See e.g. Haskell v. Berghuis*, 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010). At this time, the Court finds oral argument is unnecessary. If, at a later date, the Court determines that oral argument

3

would be beneficial, the Court will schedule argument without necessity of the filing of an additional motion.

Next, Perry asks the Court to issue a subpoena requiring the Wayne County Prosecutor's Office to produce a list of all the officers involved in the case and "all bad faith attempts [and] misconducts by Sgt. Gregg Hughes [and] APA Joe Jansen." (ECF No. 6, PageID.270.) He also asks that a copy of the preliminary examination transcripts be "brought to the show cause hearing." (*Id.*)

A habeas petitioner is not entitled to discovery as a matter of course. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir.2004) ("Habeas prisoners have no right to automatic discovery.") (quotation omitted). Rule 6 of the Rules Governing Section 2254 Proceedings requires that a party requesting discovery show good cause and provide reasons for the requested discovery. *Id.* Such a showing requires "specific allegations of fact" that demonstrate to a court that additional discovery may enable the defendant to show entitlement to relief. *Williams*, 380 F.3d at 974.

One of Perry's habeas claims concerns counsel's performance during the preliminary examination. A copy of the preliminary examination transcript is relevant to the adjudication of this claim. The Court orders Respondent to file a copy of the transcript within 90 days from the date of this order.[1] Perry's remaining discovery requests are denied.

---

[1] Perry's request that the Court order Respondent to bring the transcript to the show cause hearing is misplaced because no hearing has been scheduled in this case.

4

Perry also has filed a motion for an order directing Respondent to show cause why the criminal case against him should not be dismissed and to explain "actions of fraud, police misconduct, [and] perjury." (ECF No. 7, PageID. 273). Essentially, Perry seeks an answer from the Respondent addressing the claims raised in the petition. As discussed, the Court is directing Respondent to file an answer. This motion is unnecessary and will be denied as moot.

Next, Perry has filed a motion for release and relief due to government misconduct. (ECF No. 14.) He appears to assert that he should be released because Respondent failed to comply with the Court's order setting a responsive pleading deadline of March 5, 2021. In fact, Respondent filed a motion to dismiss on that date. Perry also seeks immediate release on the ground that the prosecutor committed fraud at the state court probable cause hearing. The Court is directing Respondent to file an answer addressing the merits of Perry's habeas claims, including his fraud claim, and to file the preliminary examination transcript. The Court will address the merits of this claim when the Court decides the petition. To the extent that Perry seeks release on bail pending this decision, the Court denies the request because Perry does not show "a substantial claim of law based on the facts surrounding the petition [or] the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quotation omitted).

Finally, Perry has filed a motion to concede. Perry asks the Respondent to admit that the Wayne County Prosecutor's office failed to disclose material evidence in

5

violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 153–54 (1972).  The Court is ordering Respondent to file an answer addressing the merits of Perry's claims, including his *Brady*-related claim.  There is no benefit or need to address this claim before, or separately from, the petition as a whole.  The motion will be denied.

### III.  Order

Accordingly, the Court holds Respondent's Motion to Dismiss (ECF No. 11) in abeyance and direct Respondent to file an answer addressing the merits within **90 DAYS** from the date of this Order.

The Court **GRANTS IN PART AND DENIES IN PART** Perry's motion for subpoena.  (ECF No. 6.)  Respondent shall file the state-court preliminary examination transcript concurrently with her answer.  Perry's request for additional discovery is denied.

The Court **DENIES** Perry's motion for oral argument (ECF No. 8), motion for order to show cause (ECF No. 8), motion for release (ECF No. 14), and motion to concede (ECF No. 16).

**SO ORDERED**.

                                            s/Arthur J. Tarnow
                                            ARTHUR J. TARNOW
                                            UNITED STATES DISTRICT JUDGE

Dated: May 3, 2021