UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP PERRY,

          Petitioner,

v.

JAMES SCHIEBNER,

          Respondent.

_____/

Case No. 2:20-cv-12495

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Petitioner Bishop Perry petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Petitioner was convicted of armed robbery and several other crimes. ECF 1, PgID 12, 73. A judge sentenced him to 35 to 50 years' imprisonment for the armed robbery conviction with concurrent sentences of 10 to 15 years' imprisonment for the unlawful imprisonment conviction, 6 to 10 years' imprisonment for the assault conviction, 3 to 5 years' imprisonment for the felon in possession of a firearm conviction, 3 to 5 years' imprisonment for the concealed carry conviction, and a consecutive term of 2 years' imprisonment for the felony-firearm conviction. *Id.* at 73.

Respondent moved to dismiss the petition as untimely, ECF 11, and responded to the merits of Petitioner's claims in an answer, ECF 18.[1] Because the petition was untimely, the Court will grant the motion to dismiss. The Court will also deny a

---

[1] The case was reassigned to the Court in February. *See* 22-AO-007. The prior judge had held the motion to dismiss in abeyance and the Government was ordered to answer the petition. ECF 17.

1

certificate of appealability and leave to proceed in forma pauperis on appeal. Last, the Court will deny Petitioner's motion for sanctions and to dismiss, ECF 20, and will grant Petitioner's motion to amend the caption, ECF 21.

## BACKGROUND

Petitioner's convictions arise from a Detroit assault and shooting in July 2009. ECF 1, PgID 12. In May 2011, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Perry*, No. 296777, 2011 WL 2119573 (Mich. Ct. App. May 26, 2011); ECF 11, PgID 314–15. Petitioner then applied for leave to appeal in the Michigan Supreme Court, but the Michigan Supreme Court denied leave in November 2011. *People v. Perry*, 490 Mich. 911 (2011); ECF 11, PgID 315.

In April 2019, Petitioner moved for relief from judgment in the trial court, and the trial court denied relief in August 2019. ECF 1, PgID 73–81. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. Perry*, No. 352870 (Mich. Ct. App. May 1, 2020); ECF 11, PgID 315. The Michigan Supreme Court also denied Petitioner's application for leave to appeal and denied Petitioner's motion for reconsideration in November 2020. *See People v. Perry*, 505 Mich. 1096, *recons. den.*, 506 Mich. 963 (2020); ECF 11, PgID 315. Petitioner then filed his federal habeas petition in August 2020. ECF 1-1, PgID 117; *see Houston v. Lack*, 487 U.S. 266, 270 (1988) (prison mailbox rule).

## LEGAL STANDARD

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner must file a habeas petition no later than one year after the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1)(D) runs the clock from the date on which "a duly diligent person in [P]etitioner's circumstances would have discovered the factual predicate for his claim." *Smith v. Meko*, 709 F. App'x 341, 344 (6th Cir. 2017) (cleaned up). And § 2244(d)(1)(D) is evaluated on a claim-by-claim basis. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner bears the burden to establish that he "exercised due diligence in his search for the factual predicate of his [habeas] claim[s]." *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002).

## DISCUSSION

The Court will first address the motion to dismiss, ECF 11. After, the Court will resolve Petitioner's motions, ECF 20; 21.

I.   Motion to Dismiss

Respondent argued that the Court should measure the one-year limitations period from the date that the judgment became final under § 2244(d)(1)(A). ECF 11, PgID 316–18. But Petitioner offered two affidavits from 2018 as "newly-discovered evidence" to support his claims. ECF 1, PgID 65–66. The Court will therefore liberally construe Petitioner as relying on § 2244(d)(1)(D) to govern the petition's limitation period. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Petitioner, however, cannot show that the affidavits of Ennick Reese and Emmett Perry, III presented new evidence that were not known to him or could not have been discovered by him through the exercise of due diligence prior to 2018.

In the Reese affidavit from July 2018, Reese explained that her initial police statement was based on incorrect information given to her by the two victims in Petitioner's criminal case. ECF 1, PgID 65. She also stated that she had contacted police to correct her statement, but her call was never returned. *Id*. And Reese claimed that when she was waiting to testify at Petitioner's trial, a police officer handed her a script detailing what her testimony should entail. *Id*. When Reese said the script was incorrect, the police officer told her to leave. *Id*. Reese added that she would have executed her affidavit sooner, but she was homeless for a few years and underwent a major surgery. *Id*.

4

In all, Reese's affidavit does not constitute newly discovered evidence that Petitioner could not have discovered through due diligence. *See* § 2244(d)(1)(D). Because Reese was on the prosecution's witness list, Petitioner was aware of Reese's existence and that she could serve as a witness in the trial, even though she did not ultimately testify. Petitioner could have therefore discovered the facts claimed in Reese's affidavit well before the one-year limitations period expired. And Reese's references to her personal and health issues are irrelevant and do not absolve *Petitioner's* eight-year delay in obtaining her affidavit.

Petitioner's brother, Emmett Perry, III, wrote the second affidavit from November 2018. ECF 1, PgID 66. The affidavit bears on Petitioner's claim that the prosecution failed to disclose an agreement with one of the victims for favorable testimony. *See id.* at 27–29, 66. In the affidavit, Perry explained that he promptly sent Petitioner the information about the purported agreement after Perry obtained a copy of the victim's sentencing transcript in November 2018. *Id.* at 66. But the victim's sentencing took place in 2010, and a copy of the transcript was attached to Petitioner's appeal of right in the Michigan Court of Appeals. ECF 12-7, PgID 1024–45; *see* ECF 11, PgID 318. The information was therefore known to Petitioner in 2010.

All told, Petitioner cannot show any newly discovered evidence to support a limitations period based on § 2244(d)(1)(D). Thus, § 2244(d)(1)(A) controls.

Under § 2244(d)(1)(A), Petitioner did not timely file. The Michigan Supreme Court denied Petitioner's application for leave to appeal in November 2011. *People v. Perry*, 490 Mich. 911 (2011); ECF 11, PgID 315. Because Petitioner did not seek a

5

writ of certiorari with the United States Supreme Court, his conviction became final in February 2012, when the time to seek certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year limitations period does not begin to run until the ninety-day period for filing a writ of certiorari petition in the United States Supreme Court has expired). The limitations period ran uninterrupted until it expired one year later, in February 2013. *See id.* (one-year limitations period begins the day after the period for filing a certiorari petition expires). Petitioner filed the habeas petition in August 2020, more than seven years after the expiration period lapsed. *See* ECF 1-1, PgID 117. It is therefore untimely.

The one-year statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (collecting cases). A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented Petitioner from timely filing the habeas petition. *Id.* at 649 (cleaned up). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citation omitted). A habeas petitioner bears the burden to show entitlement to tolling of the limitations period. *Id.* (citation omitted). But Petitioner has no right to equitable tolling because he failed to argue or show that some extraordinary circumstance prevented him from timely petitioning. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007).

The Court may also equitably toll the one-year limitations period based on a credible showing of actual innocence under the standard in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). For an actual innocence exception to be credible under *Schlup*, a petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's case falls outside the actual innocence tolling exception, because he presented no new, reliable evidence to establish that he was innocent of the crimes charged. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005).

Section 2244(d)(1)(A) thus controls the limitations period in Petitioner's case, and it has been far exceeded. And Petitioner failed to show that the period should be equitably tolled. The Court will therefore grant the motion to dismiss.

II.   Petitioner's Motions

Petitioner moved for sanctions and to dismiss. ECF 20. Although it is unclear which sanctions rule Petitioner is moving under, the Court will deny the motion because it was conclusory and unsupported by law or facts. *See Brown v. Michigan*, No. 05-CV-72440, 2006 WL 1374042, at *1 (E.D. Mich. May 17, 2006) (finding that a respondent's actions were not shown to be in bad faith, motivated by an improper purpose, frivolous, or otherwise warranted under Federal Rules of Civil Procedure 11, 16, or 37). Petitioner also moved to update the caption to reflect the current warden where Petitioner is incarcerated. ECF 21, PgID 1621. Because the warden at

7

Muskegon Correctional Facility is James Schiebner, the Court will grant the motion and order the Clerk of the Court to amend the caption to substitute James Schiebner as Respondent. *See* Rule 2(a) of the *Rules Governing § 2254 Cases in the United States District Courts*.

## CONCLUSION

In sum, the Court will grant the motion to dismiss because the petition was filed after the limitations period lapsed under § 2244(d). The Court will also deny a certificate of appealability because reasonable jurists would not debate that the petition was untimely. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(1)–(2); Fed. R. App. P. 22(b). And the Court will deny leave for Petitioner to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Last, Petitioner's motion for sanctions and to dismiss, ECF 20, is denied and his motion to amend the caption, ECF 21, is granted.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [11] is **GRANTED** and the petition [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for sanctions and to dismiss [20] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to amend the caption [21] is **GRANTED** and the Clerk of the Court must substitute James Schiebner as Respondent.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: March 4, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager

9